# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WISCONSIN

In re Aleasa Thomas,
    Debtor.  ) Chapter 13
         ) Case No. 18-20092-svk
         )
         ) Objection to Motion to Continue Stay Due:
         ) **Tuesday, January 23, 2018**
         ) Hearing on Timely Filed Objections:
         ) **Tuesday, January 30, 2018 at 11:30AM**
         )

## NOTICE OF MOTION TO CONTINUE AUTOMATIC STAY

To all creditors and parties in interest:

The Debtor in the above-captioned case has filed a motion to continue the automatic stay pursuant to 11 U.S.C. § 362(c)(3)(B). A copy of that motion accompanies this notice.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to grant the motion to continue the automatic stay, or if you want the Court to consider the views on the motion, then **on or before the Objection Due Date** stated above, you or your attorney must file an objection with:

  Clerk, United States Bankruptcy Court
  517 East Wisconsin Avenue
  Milwaukee, WI 53202-4581

and provide copies to:

| | |
|---|---|
| Eddington Law Office LLC / Robert J. Eddington | Scott Lieske, Chapter 13 Trustee |
| 250 E. Wisconsin Avenue #1800 | P.O. Box 510920 |
| Milwaukee, WI 53202 | Milwaukee, WI 53203 |

in time for its **receipt** by the above deadline. If you do not file a timely objection, the Court may decide you do not oppose the relief sought in the motion and may enter an order granting that relief.

**In the event that a timely objection is filed**, a hearing will be held before the Honorable Susan V. Kelley, United States Bankruptcy Judge, in the United States Courthouse at 517 East Wisconsin Avenue, Milwaukee, Wisconsin in **Room 167** at the date and time stated above. The Debtor, the Objecting Party and/or their counsel are expected to attend the hearing.

  **The Court will also hold a hearing if the Debtor fails to file a supporting affidavit or declaration that complies with 11 U.S.C. § 362(c)(3)(B).** The hearing will take place at the same time and place stated above, and the Debtor and Debtor's counsel must attend this hearing, or the Court will not grant the motion.

Date: <u>January 8, 2018</u>        ***/s/ Robert J. Eddington***
                  Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In the Matter of:                               Chapter 13

    Aleasa Thomas,                       Case No. 18-20092-svk
    Debtor

## MOTION TO CONTINUE THE AUTOMATIC STAY

The debtor, Aleasa Thomas, through undersigned counsel, hereby respectfully moves the Court pursuant to 11 U.S.C. § 362(c)(3)(B), for an order continuing the automatic stay as to all creditors in the instant Chapter 13 bankruptcy case. In support thereof, the debtor states the following:

1. On January 5, 2018, the debtor filed, through counsel, the instant Chapter 13 bankruptcy case. *See* accompanying Aleasa Thomas, ¶ 1.

2. A single prior bankruptcy case filed by the debtor was pending and dismissed within the year preceding the filing of this case. The debtor filed a prior Chapter 13 bankruptcy case (hereinafter "**Prior Case**") through her attorneys at that time in the Eastern District of Wisconsin bankruptcy court on June 7, 2017 (case number 17-25663-svk). *Id*., ¶ 2.

3. On December 20, 2017, the Court dismissed this Prior Case because the debtor was unable to make all of her plan payments as required by the Chapter 13 plan she filed in that case. *Id*., ¶ 3.

### *Filing Of The Prior Case*

4. The debtor filed the Prior Case because she was unable to meet her financial obligations at the time and needed the protections of Chapter 13 of the Bankruptcy Code in order

Drafted by: Robert J. Eddington
Eddington Law Office LLC
250 E. Wisconsin Ave. #1800
Milwaukee, WI 53202
Phone: 414-347-5639
Email: rje@eddingtonlawoffice.com

to address the debts she had, including certain arrears for a loan secured against her vehicle. *Id.*, ¶ 4.

5. At the time the debtor filed her Prior Case, her primary income consisted of wages she earned as a driver for Courier Distribution Systems LLC (herein "Courier Distribution"). Courier Distribution contracts with Amazon.Com to deliver packages ordered by its users. The debtor's gross income from Courier Distribution at the time she filed the Prior Case was approximately $1788.00 per month. The debtor also received approximately $190.00 per month in FoodShare benefits. *Id.*, ¶ 5.

6. In the Chapter 13 plan in the Prior Case, the debtor proposed making payments in the amount of $36 per week ($156 per month) for a period of sixty (60) months. *Id.*, ¶ 6.

7. About two months before she filed the Prior Case, in April 2017, the debtor suffered a serious attack by a dog while she was working for Courier Distribution. As a result of that attack, the debtor experienced some difficult medical complications that resulted in a limited ability to lift heavy packages. She also attended physical therapy to attempt to lessen the effects of the attack. During this time, including after the filing of the Prior Case, the debtor continued to work for Courier Distribution and attempted to seek accommodations in her job duties so that she could continue working. *Id.*, ¶ 7.

8. Despite her efforts, as a result of the attack, the debtor's employment situation began to deteriorate as it became increasingly difficult for her to do her job as a result of the debtor's physical limitations. Further complicating her efforts, in September 2017, the debtor was nearly attacked again by another dog while working for Courier Distribution. This second incident, coupled with the attack the debtor suffered in April 2017, created a significant amount of stress and trauma for the debtor. That stress and trauma, coupled with the physical limitations

2

Case 18-20092-kmp    Doc 4    Filed 01/08/18    Page 3 of 16

that she had, compelled the debtor to resign her position with Courier Distribution around the end of September 2017. *Id.*, ¶ 8.

9. Because of the complications relating to the April 2017 dog attack, the debtor began to experience difficulties making her plan payments shortly after the Prior Case was filed. Although the debtor made an initial payment of $155 in June 2017, she fell behind in July and August and was unable to make payments in those months. As a result of the debtor's falling behind on plan payments, the Trustee filed a motion to dismiss the Prior Case on September 7, 2017. *Id.*, ¶ 9.

10. The debtor's departure from Courier Distribution around the end of September 2017 set in motion a series of financial difficulties that made it impossible for the debtor to continue the plan payments in the Prior Case. The debtor was able to make a further plan payment in September 2017 and resolved the Trustee's motion by agreeing to stay current on all plan payments. Part of that resolution was a "doomsday" provision on plan payments through April 2018. The Court approved that stipulation in an order dated November 6, 2017. *Id.*, ¶ 10.

11. After the debtor left Courier Distribution, her employment prospects were increasingly challenging. The debtor worked for approximately one month in a call center for DJK Distribution LLC (herein "DJK Distribution"). However, the debtor experienced difficulties with this employer and does not believe that she received all of the pay to which she was entitled. As a result, the debtor's income from DJK Distribution was not what she expected it would be, which further adversely affected her financial situation. The debtor continued to have difficulties as a driver because of the physical limitations from the dog attack. As a result of these difficulties, coupled with her belief that she had not been paid what she was entitled to,

the debtor felt forced to resign her position with DJK Distribution around the end of October 2017.  *Id.*, ¶ 11.

12.     After leaving DJK Distribution, the debtor worked very briefly as a driver for FedEx Corporation (herein "FedEx").  She only received one wage payment from FedEx, and again felt compelled to resign that position by early November 2017 due to her physical limitations.  *Id.*, ¶ 12.

13.     After leaving FedEx, the debtor was able to find part-time employment with General Business Services (herein "GBS") as an inventory clerk.  The debtor began working at GBS on or about December 1, 2017 but only worked through December 12, 2017.  By that time, however, the debtor was significantly in arrears for her rent, most of her financial obligations, and her Chapter 13 plan payments.  Because of these difficulties, the debtor was unable to make any further plan payments in the Prior Case.  *Id.*, ¶ 13.

14.     On December 12, 2017, the Trustee filed an Affidavit of Default for non-payment, and the Court dismissed the Prior Case on December 20, 2017.  *Id.*, ¶ 14.

### *Filing Of The Current Case*

15.     The debtor filed this Current Case in good faith in order, among other things, to rectify her financial difficulties in general, and in particular pay the secured loan on her vehicle.  *Id.*, ¶ 15.

16.     Since the dismissal of the Prior Case, the debtor's financial and personal circumstances have improved in at least three important respects.  *Id.*, ¶ 16.

17.     *First*, the debtor's financial circumstances have improved since the dismissal of the Prior Case.  Within the past several days, the debtor has accepted an offer of full-time employment through QPS Employment Group, which employment she expects to begin on or

about January 8, 2018. This is a much better employment situation than the debtor had previously because, not only will the debtor be making $13.00 per hour (instead of $11.00 at GBS), but it will be a full-time, rather than part-time position. Based on her hourly rate, the debtor expects to gross approximately $2200 per month, which is significantly higher than what she made at the time her Prior Case was filed ($1788 per month) and also higher than what she was making at the time the Prior Case was dismissed when she was only working part-time. *Id*., ¶ 17.

18. *Second*, the debtor's financial circumstances have improved because the proposed Chapter 13 plan that she filed in this Current Case calls for lower payments than in the prior case. In the Prior Case, the debtor's Chapter 13 plan required payments of $156 per month. The debtor has made what she feels are appropriate adjustments to her budget and plan. The debtor anticipates her payments in this current case to be approximately $140 per month. This reduction in plan payments will help the debtor to meet her financial obligations and remain current in her plan payments in this case. *Id*., ¶ 18.

19. *Third*, the debtor's personal circumstances have improved because her new employment is much better suited to her in light of the physical limitations the debtor has experienced over the past year. The debtor's job duties for QPS Employment Group will include buffing defects in Harley-Davidson motorcycle parts. Importantly, the debtor will no longer be required to lift heavy packages as she was before. As a result, the debtor expects to be able to maintain employment through QPS Employment Group and thereby remain current on her financial obligations including her Chapter 13 plan payments in this case. *Id*., ¶ 19.

20. As a result, the debtor's financial and personal circumstances have improved since the dismissal of the Prior Case. It is therefore the debtor's good-faith belief that she can

5

propose a confirmable plan that will adequately address her financial issues consistently with the Bankruptcy Code, and which the debtor can fully perform. *Id*., ¶ 20.

21. Because the debtor fell into arrears in her secured obligation to TitleMax of Wisconsin, the debtor's vehicle was repossessed on or about January 3, 2018. While she is anticipating the prompt return of that vehicle to her, the debtor fears that her property may be in danger of additional collection activity, including repossession, without the protections of the automatic stay. Additionally, without the protections of the automatic stay, other creditors might continue to attempt to collect their debts while the debtor is in this case, which she fears would hinder her ability to make plan payments. *Id*., ¶ 21.

22. Therefore, having the protections of the automatic stay through the pendency of this case is essential to protect the debtor's ability to make her plan payments in this case. *Id*., ¶ 22.

**WHEREFORE**, the debtor respectfully requests that this Court continue the automatic stay under 11 U.S.C. § 362(a) as to all creditors for the duration of this Chapter 13 case, or until such time as the stay is terminated under Section 362(c)(1) or (c)(2), or a motion for relief is granted under section 362(d).

Dated: Monday, January 8, 2018  */s/ Robert J. Eddington*
                Counsel for the debtor
                Bar No. 1078868

                Eddington Law Office LLC
                250 E. Wisconsin Ave. #1800
                Milwaukee, WI 53202
                414-347-5639 (Tel)
                414-433-1866 (Fax)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In the Matter of:                                        Chapter 13

    Aleasa Thomas,                              Case No. 18-20092-svk
    Debtor

### AFFIDAVIT OF ALEASA THOMAS

I, the undersigned, being first duly sworn, do declare to the undersigned authority all of the following:

1.      I am the debtor in the above-captioned Chapter 13 bankruptcy case which I filed through my attorney, Robert J. Eddington. I respectfully submit this affidavit in support of my accompanying motion to continue the automatic stay in this case.

2.      I had one bankruptcy case pending and dismissed within the year preceding the filing of this case. I filed a prior Chapter 13 bankruptcy case (hereinafter "**Prior Case**") through my attorney at that time in the Eastern District of Wisconsin bankruptcy court on June 7, 2017 (case number 17-25663-svk).

3.      On December 20, 2017, the Court dismissed this Prior Case because I was unable to make all of my plan payments as required by the Chapter 13 plan I filed in that case.

### *Filing Of My Prior Case*

4.      I filed my Prior Case because I was unable to meet my financial obligations at the time and needed the protections of Chapter 13 of the Bankruptcy Code in order to address the debts I had, including certain arrears for a loan secured against my vehicle.

5. At the time I filed my Prior Case, my primary income consisted of wages I earned as a driver for Courier Distribution Systems LLC (herein "Courier Distribution"). Courier Distribution contracts with Amazon.Com to deliver packages ordered by its users. My gross income from Courier Distribution at the time I filed the Prior Case was approximately $1788.00 per month. I also received approximately $190.00 per month in FoodShare benefits.

6. In the Chapter 13 plan in my prior case, I proposed making payments in the amount of $36 per week ($156 per month) for a period of sixty (60) months.

7. About two months before I filed my Prior Case, in April 2017, I suffered a serious attack by a dog while I was working for Courier Distribution. As a result of that attack, I experienced some difficult medical complications that resulted in a limited ability to lift heavy packages. I also attended physical therapy to attempt to lessen the effects of the attack. During this time, including after the filing of my Prior Case, I continued to work for Courier Distribution and attempted to seek accommodations in my job duties so that I could continue working.

8. Despite my efforts, as a result of the attack, my employment situation began to deteriorate as it became increasingly difficult for me to do my job as a result of my physical limitations. Further complicating my efforts, in September 2017, I was nearly attacked again by another dog while working for Courier Distribution. This second incident, coupled with the attack I suffered in April 2017, created a significant amount of stress and trauma for me. That stress and trauma, coupled with the physical limitations that I had, compelled me to resign my position with Courier Distribution around the end of September 2017.

9. Because of the complications relating to the April 2017 dog attack, I began to experience difficulties making my plan payments shortly after my Prior Case was filed. Although I made an initial payment of $155 in June 2017, I fell behind in July and August and

was unable to make payments in those months.  As a result of my falling behind on plan payments, the Trustee filed a motion to dismiss my Prior Case on September 7, 2017.

10. My departure from Courier Distribution around the end of September 2017 set in motion a series of financial difficulties that made it impossible for me to continue the plan payments in my Prior Case.  I was able to make a further plan payment in September 2017 and resolved the Trustee's motion by agreeing to stay current on all plan payments.  Part of that resolution was a "doomsday" provision on plan payments through April 2018.  The Court approved that stipulation in an order dated November 6, 2017.

11. After I left Courier Distribution, my employment prospects were increasingly challenging.  I worked for approximately one month in a call center for DJK Distribution LLC (herein "DJK Distribution").  However, I experienced difficulties with this employer and do not believe that I received all of the pay to which I was entitled.  As a result, my income from DJK Distribution was not what I expected it would be, which further adversely affected my financial situation.  I continued to have difficulties as a driver because of the physical limitations from the dog attack.  As a result of these difficulties, coupled with my belief that I had not been paid what I was entitled to, I felt forced to resign my position with DJK Distribution around the end of October 2017.

12. After leaving DJK Distribution, I worked very briefly as a driver for FedEx Corporation (herein "FedEx").  I only received one wage payment from FedEx, and again felt compelled to resign that position by early November 2017 due to my physical limitations.

13. After leaving FedEx, I was able to find part-time employment with General Business Services (herein "GBS") as an inventory clerk.  I began working at GBS on or about December 1, 2017 but only worked through December 12, 2017.  By that time, however, I was

significantly in arrears for my rent, most of my financial obligations, and my Chapter 13 plan payments. Because of these difficulties, I was unable to make any further plan payments in my Prior Case.

14. On December 12, 2017, the Trustee filed an Affidavit of Default for non-payment, and the Court dismissed my case on December 20, 2017.

### *Filing Of My Current Case*

15. I filed this Current Case in good faith in order, among other things, to rectify my financial difficulties in general, and in particular pay the secured loan on my vehicle.

16. Since the dismissal of my Prior Case, my financial and personal circumstances have improved in at least three important respects.

17. *First*, my financial circumstances have improved since the dismissal of my Prior Case. Within the past several days, I have accepted an offer of full-time employment through QPS Employment Group, which employment I expect to begin on or about January 8, 2018. This is a much better employment situation than I had previously because, not only will I be making $13.00 per hour (instead of $11.00 at GBS), but it will be a full-time, rather than part-time position. Based on my hourly rate, I expect to gross approximately $2200 per month, which is significantly higher than what I made at the time my Prior Case was filed ($1788 per month) and also higher than what I was making at the time my Prior Case was dismissed when I was only working part-time.

18. *Second*, my financial circumstances have improved because the proposed Chapter 13 plan that I filed in this Current Case calls for lower payments than my last case. In my prior case, my Chapter 13 plan required payments of $156 per month. I have made what I feel are

appropriate adjustments to my budget and plan. I anticipate my payments in my Current Case to be approximately $140 per month. This reduction in plan payments will help me to meet my financial obligations and remain current in my plan payments in this Current Case.

19. *Third*, my personal circumstances have improved because my new employment is much better suited to me in light of the physical limitations I have experienced over the past year. My job duties for QPS Employment Group will include buffing defects in Harley-Davidson motorcycle parts. Importantly, I will no longer be required to lift heavy packages as I was before. As a result, I expect to be able to maintain employment through QPS Employment Group and thereby remain current on my financial obligations including my Chapter 13 plan payments in this case.

20. As a result, my financial and personal circumstances have improved since the dismissal of my Prior Case. It is therefore my good-faith belief that I can propose a confirmable plan that will adequately address these and other issues consistently with the Bankruptcy Code, and which I can fully perform.

21. Because I fell into arrears in my secured obligation to TitleMax, my vehicle was repossessed on or about January 3, 2018. While I am anticipating the prompt return of that vehicle to me, I fear that this property may be in danger of additional collection activity, including repossession, without the protections of the automatic stay. Additionally, without the protections of the automatic stay, other creditors might continue to attempt to collect their debts while I am in this case, which I fear would hinder my ability to make plan payments.

5

22. Therefore, having the protections of the automatic stay through the pendency of this case is essential to protect my ability to make plan payments in this case.

Dated: January 5, 2018

                                              Aleasa Thomas
                                              Debtor

STATE OF WISCONSIN        )
COUNTY OF MILWAUKEE    )

Signed and sworn before me by Aleasa Thomas on this 5th day of January, 2018.

_____
Notary Public.
My commission is permanent.

ROBERT J. EDDINGTON
Notary Public
State of Wisconsin

6

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In the Matter of:                                    Chapter 13

    Aleasa Thomas,                                Case No. 18-20092-svk
        Debtor

**ORDER CONTINUING AUTOMATIC STAY**

    The Debtor filed a Motion To Continue The Automatic Stay beyond 30 days under 11 U.S.C. § 362(c)(3)(B). Notice of the Motion was provided to all creditors, and objecting parties were given the opportunity to have a hearing. No objections were filed, and the Debtor has filed an Affidavit establishing that the Debtor commenced this case in good faith.

    **IT IS THEREFORE ORDERED**: the Motion is granted, and the automatic stay will remain in effect as to all creditors, without prejudice to the rights of creditors to seek relief from the automatic stay.

#####

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

---

In the Matter of:                                  Chapter 13

    Aleasa Thomas,                         Case No. 18-20092-svk
    Debtor

---

## CERTIFICATE OF SERVICE

---

The undersigned, an attorney, does hereby certify that on Monday, January 8, 2018, he caused a true and correct copy of the attached Notice Of Motion To Continue Automatic Stay, Motion To Continue The Automatic Stay, Affidavit of Aleasa Thomas, and (Proposed) Order Continuing Automatic Stay to be served:

1. On the Chapter 13 Trustee and the Office Of The U.S. Trustee by electronic transmission via the CM/ECF filing system; and

2. On each of the entities listed on the attached mailing matrix by U.S. first-class mail, postage prepaid.

Dated: Monday, January 8, 2018

                                          */s/ Robert J. Eddington*
                                          Counsel for the debtor
                                          Bar No. 1078868

Eddington Law Office LLC
250 E. Wisconsin Ave. #1800
Milwaukee, WI 53202
414-347-5639 (Tel)
414-433-1866 (Fax)

```
Label Matrix for local noticing      AAA Life Ins Co                       (p)AMERICOLLECT INC
0757-2                               PO Box 740071                         PO BOX 2080
Case 18-20092-svk                    Cincinnati, OH  45274-0071            MANITOWOC WI 54221-2080
Eastern District of Wisconsin
Milwaukee
Sat Jan  6 14:11:20 CST 2018
Arnold Lueders III                   Capital One Bank USA NA               Check N Go
Credit Solutions                     PO Box 6492                           100 Commercial Dr
626 E Wisconsin Ave Fl 14            Carol Stream, IL  60197-6492          Hamilton, OH  45014-5556
Milwaukee, WI  53202-4616

ChexSystems                          City of Milwaukee                     City of Milwaukee Violations Bureau
7805 Hudson Rd # 100                 PO Box 3268                           PO Box 346
Woodbury, MN 55125-1703              Milwaukee, WI  53201-3268             Milwaukee, WI  53201-0346

Commonwealth Financial               Credit Collection Services            (c)DEPARTMENT OF MOTOR VEHICLES
245 Main St                          725 Canton St                         4822 MADISON YARDS WAY
Dickson City, PA  18519-1641         Norwood, MA  02062-2679               MADISON WI  53705-9100

Department Of Workforce Development  Dept of Ed/Navient                    ECMC
PO Box 7888                          PO Box 9635                           PO Box 16408
Madison, WI  53707-7888              Wilkes Barre, PA  18773-9635          Saint Paul, MN  55116-0408

Ecmc                                 Robert J. Eddington                   Emergency Medicine Specialists
111 Washington Ave N                 Eddington Law Office LLC              PO Box 320930
Minneapolis, MN  55401-1705          250 E Wisconsin Avenue #1800          Franklin, WI  53132-6151
                                     Milwaukee, WI 53202-4299

(p)GUARANTY BANK                     IMC Credit Services                   Indianapolis Power and Light Co
4000 W BROWN DEER ROAD               6955 Hillsdale Ct                     PO Box 1595
LOAN ADMINISTRATION                  Indianapolis, IN  46250-2054          Indianapolis, IN  46206-1595
BROWN DEER WI 53209-1221

Infinity Healthcare Physicians SC    Internal Revenue Service              Keith D Weiner & Assocs
PO Box 3261                          Attn: Central Insolvency / Bankruptcy 75 Public Sq Fl 4
Milwaukee, WI  53201-3261            PO Box 7346                           Cleveland, OH  44113-2001
                                     Philadelphia, PA  19101-7346

Scott Lieske                         Medical College of Wisconsin          Milwaukee Radiologists Ltd.
Chapter 13 Trustee                   8701 W Watertown Plank Rd             44000 Garfield Rd
P.O. Box 510920                      Milwaukee, WI  53226-3548             Clinton Township, MI  48038-1125
Milwaukee, WI 53203-0161

Milwaukee Water Works                Navient Education Loan                Northstar Loans
200 E Wells St Rm 800                PO Box 9500                           7800 W Appleton Ave
Milwaukee, WI  53202-3515            Wilkes Barre, PA  18773-9500          Milwaukee, WI  53218-5309

OAC                                  Oak Harbor Capital Opp Funds          Office of the U. S. Trustee
PO Box 500                           C/O WEINSTEIN & RILEY, PS             517 East Wisconsin Ave.
Baraboo, WI  53913-0500              2001 Western Ave Ste 400              Room 430
                                     Seattle, WA  98121-3132               Milwaukee, WI 53202-4510

Optimum Outcomes Inc                 Planet Fitness                        Portfolio Recov Assoc
2651 Warrenville Rd                  5700 W Capitol Dr                     120 Corporate Blvd Ste 1
Downers Grove, IL  60515-5544        Milwaukee, WI  53216-2200             Norfolk, VA  23502-4952

Resnant Properties Ltd               Aleasa Thomas                         TitleMax of Wisconsin
2120 W Clybourn St                   5709 N 55th Pl                        dba TitleMax
Milwaukee, WI 53233-2500             Milwaukee, WI 53218-2410              15 Bull St # 200
                                                                           Savannah, GA  31401-2686

U S Dept of Ed/Gsl/Atl               United States Attorney's Office       Virtuoso Sourcing Grou
PO Box 4222                          517 E. Wisconsin Ave.                 4500 Cherry Creek Dr S
Iowa City, IA  52244-4222            Room 530                              Denver, CO 80246-1500
                                     Milwaukee, WI 53202-4509

WE Energies                          Wells Fargo Bank                      Wheaton Franciscan Healthcare
231 W Michigan St # A130             100 E Wisconsin Ave                   801 S 60th St Ste 150
Milwaukee, WI  53203-2918            Milwaukee, WI 53202-4177              West Allis, WI  53214-3365

Wheaton Franciscan Healthcare        Wisconsin  Department  Of Revenue     Wisconsin Department Of Revenue
Dept. 123767                         Special Procedures Unit               Special Procedures Unt / Bankruptcy
PO Box 1259                          P.O. Box 8901                         PO Box 8901
Oaks, PA  19456-1259                 Madison, WI 53708-8901                Madison, WI 53708-8901

Wisconsin Dept. Of Revenue           Wisconsin Electric Power              Wisconsin Radiology Spec S.C.
Special Procedures Unit              PO Box 2046                           PO Box 2350
P.O. Box 8902                        Milwaukee, WI  53201-2046             Brookfield, WI  53008-2350
Madison, WI 53708-8902

Xperience Fitness
12575 W Capitol Dr
Brookfield, WI  53005-2469


                 The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
                 by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Americollect Inc                     Guaranty Bank
PO Box 1566                          4000 W Brown Deer Rd
Manitowoc, WI  54221-1566            Brown Deer, WI  53209-1221
```

```
                                                                           Addresses marked (c) above for the following entity/entities were corrected
                                                                              as required by the USPS Locatable Address Conversion System (LACS).

Department Of Motor Vehicles
4802 Sheboygan Ave
Madison, WI  53705-2927




                                           The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Optimum Outcomes, Inc.            End of Label Matrix
2651 Warrenville Rd                  Mailable recipients    51
Downers Grove, IL  60515-5544        Bypassed recipients     1
                                     Total                  52
```